Ham., Judge,
 

 delivered the opinion of the Court:
 

 We are of opinion that the suit has not abated. The act of 1786, ch. 14, sec. 1, declares “ that it shall, and .may be lawful for executors, &c. to carry on every suit or action in Court after the death of either Plaintiff or Defendant j and may be proceeded on by application, in the same mafiner as appeals arc carried on under tue act df 1785, ch. 2, sec. 2,” which latter act declares, “ that no appeal shall be abated by the death of either Plaintiff or Defendant, but. may be proceeded on by application of the heirs, executors. Ac. of cither party.” If an appli
 
 *442
 
 cation is to be made, to whom can it be made, except to the Court ? In this case, it was made to the Court, and yie ^jme required by the Law. That being done, it vvas the business of the Clerk to issue process against the executors of the deceased Defendant, to bring them into Court, and make them Defendants to the suit. He has failed to do so. This was not the Plaintiff’s
 
 fault;
 
 he has done all that he could, and ought not to be injured. It is no answer to this to say, that the executors of the deceased Defendant should be made Defendants to the suit, within the time limited by law, by actually serving process on them. This would prove too much
 
 ;
 
 because it will be admitted, that if process had issued and had not been served by the Sheriff, it might issue a second time. Nor does this case resemble one where a party may take out process at pleasure, without making application to the Court. In that case, the party must see that the process is delivered to the Sheriff. In this case, an order having been entered on the record, that process should issue, the Clerk should have obeyed it, without any special application for that purpose. Plea overruled.